UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ELMER ROBERTO GARCIA,

       Plaintiff,

v.

DATA STREAM MOBILE TECHNOLOGIES,
INC., SEAN LEE,

       Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, ELMER ROBERTO GARCIA ("Garcia"), brings this action against Defendants, DATA STREAM MOBILE TECHNOLOGIES, INC. ("DSMT") and SEAN LEE ("Lee"), and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Garcia was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, DSMT was a Florida corporation operated by Lee that regularly transacted business in Broward County, Florida including after on or about 9/23/22 when it was dissolved by the State of Florida.

4. Lee is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of DSMT, ran the day-to-day operations and had operational control over DSMT, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Garcia.

5. DSMT's business involves telecommunications infrastructure maintenance and installation.

6. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

7. Upon information and belief, DSMT's gross sales or business done was in excess of $500,000 per year at all times material hereto.

8. DSMT was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

9. At all times material hereto, Garcia's duties included work on and related to instrumentalities of commerce including but not limited to cell phone towers such that he is individually covered under the FLSA.

10. Garcia engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

11. Garcia worked for Defendants as a cell phone tower technician.

12. Defendants failed to pay Garcia's full and proper minimum wages.

13. Defendants failed to pay Garcia's full and proper overtime wages.

14. Defendants knowingly and willfully refused to pay Garcia's legally-entitled wages.

15. Attached as **<u>Exhibit A</u>** is a preliminary calculation of Garcia's claims. These amounts may change as Garcia engages in the discovery process.

16. Garcia retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

17. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-16 above as if set forth herein in full.

18. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

19. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:    (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791