United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Elmer Roberto Garcia, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-62214-Civ-Scola |
| | ) |
| Data Stream Mobile Technologies, | ) |
| Inc., and Sean Lee, Defendants. | ) |

**Order Granting Motion for Reconsideration**

  On May 26, 2023, the Court administratively closed this Fair Labor Standards Act case in response to the parties' notice that they had settled the matter. While the parties timely filed a joint motion for approval of the settlement agreement, seeking dismissal of the case, the Court denied the motion. (ECF No. 24.) In doing so, the Court noted that the parties failed to (1) explain why the substantial compromise of Plaintiff Elmer Roberto Garcia's claims in this case was a fair and reasonable resolution of their dispute under the FLSA; or (2) demonstrate how the attorney's fees in this case were calculated or why the amount of fees was reasonable. (*Id.*) Accordingly, the Court ordered the parties to refile their motion to address those shortcomings. After over five months went by without any refiling or further action in this case, the Court found the parties had abandoned their prosecution and defense of this case and dismissed it. Immediately thereafter, Garcia filed a motion asking the Court to reconsider that order, explaining that the parties had not in fact abandoned this litigation and pointing out that there was no deadline specified in the Court's order directing the parties to refile their motion. (Pl.'s Mot., ECF No. 26.) Garcia also asks the Court to approve the settlement agreement. (*Id.*) Defendants Data Stream Mobile Technologies, Inc., and Sean Lee (together, "Data Stream") responded in opposition to Garcia's motion, arguing that Garcia has failed to meet the standard for relief on a motion for reconsideration. (Def.'s Resp., ECF No. 27.) Garcia timely replied (Pl.'s Reply) and the motion is now ripe for review. After careful consideration, the Court **grants** Garcia's motion for reconsideration in large part. (**ECF No. 26**.)

  "[I]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move

for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation omitted). If any of these situations arise, a court has broad discretion to reconsider a previously issued order. Here, the Court finds reconsideration warranted: based on the parties' briefing, it is apparent the Court misapprehended the implication of this case's five-month-plus dormancy.

      As Garcia's counsel explains, because the Court did not specify an actual deadline in its order directing the parties to file a renewed motion, counsel did not prioritize moving forward with Garcia's case. While this may be a dereliction of counsel's obligations to his client—an issue the Court leaves to counsel and his client to sort out—the Court agrees that the five-month-plus dormancy alone does not necessarily mean the prosecution was abandoned. Indeed, Data Stream does not dispute Garcia's position that he never intended to abandon the prosecution of the case. Nor does Data Stream proffer any reason why the Court should not ultimately approve the parties' settlement agreement—an agreement that neither party contends should not be enforced.

      Accordingly, the Court's conclusion that this case had been abandoned (by both Garcia *and* Data Stream) was in error. As such, the Court **grants** Garcia's motion (**ECF No. 26**) to the extent he seeks reconsideration, thus **vacating** the order of dismissal (**ECF No. 25**). At the same time, the Court denies Garcia's motion to approve the settlement agreement, without prejudice, and instead orders the parties to **immediately** meet and confer regarding concluding this litigation. Thereafter, **on or before March 15, 2024**, the parties must file their **renewed *joint* motion for approval of the settlement agreement**, consistent with the Court's previous orders. If Garcia fails to act diligently in bringing this litigation to a close, his case will be dismissed. As a corollary, if either Defendant fails to act diligently, the Court will enter a default against that Defendant.

      **Done and ordered** in Miami, Florida, on March 1, 2024.

                                                    _____
                                                  Robert N. Scola, Jr.
                                                  United States District Judge